UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:20-CR-317-SDJ |
| | § | |
| MERARY DONALDO HURTADO RODRIGUEZ | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Merary Rodriguez's Motions for Reconsideration to Reinstate Appeal Rights. (Dkt. #52, #53). The motions are identical. Having considered the motions, the record, and the applicable law, Rodriguez's motions should be **DISMISSED for lack of jurisdiction**.

**I. BACKGROUND**

Rodriguez pleaded guilty to conspiracy to manufacture and distribute cocaine intending, knowing, and with reasonable cause to believe that cocaine would be unlawfully imported into the United States. (Dkt. #35). On January 28, 2022, this Court entered its judgment sentencing Rodriguez to a 135-month term of imprisonment with 60 months of supervised release. (Dkt. #48). No appeal was filed by Rodriguez.

Over a year later, Rodriguez filed his "Motion for Reconsideration to Reinstate Appeal Rights," in which he seeks to have his right to appeal reinstated so that he may pursue a direct appeal of his conviction. (Dkt. #52). The Court is authorized to do this, he contends, because his counsel allegedly "failed to file his direct appeal at sentencing." (Dkt. #52 at 1).

1

## II. LEGAL STANDARD

Under the "rule of finality," "federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed." *Freeman v. United States*, 564 U.S. 522, 526, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) (cleaned up). That is so because a judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment," which may be modified in only "limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). Indeed, the Fifth Circuit has explained that "[a]bsent jurisdiction conferred by statute, district courts lack power to consider [post-judgment] claims." *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020) (quoting *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)); *see also Eberhart v. United States*, 546 U.S. 12, 17, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam) (a "basic principle of judicial process" is that "once a final [criminal] judgment is issued and the court of appeals considers a case, a district court has no power to act on it further").

The "limited circumstances" in which a district court[1] may modify a term of imprisonment include the following:

- **18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)**: The district court may modify a term of imprisonment if it considers "the factors set forth in section 3553(a)" and finds that a "reduction is consistent with applicable policy statements issued by the Sentencing Commission" along with a finding that either (i) "extraordinary and compelling reasons warrant such a reduction"; or (ii) "the defendant is at least 70," has been incarcerated for at least 30 years, the sentence was imposed under Section 3559(c), and the Director of the Bureau of Prisons has determined that the defendant "is not a danger to the safety of any other person or the community[.]"

---

[1] The Court notes that under 18 U.S.C. § 3742, a defendant may also directly appeal their term of imprisonment to the courts of appeals.

- **18 U.S.C. § 3582(c)(1)(B) (Express Permission by Statute or Rule 35)**: The district court may modify a term of imprisonment "if expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."

- **Federal Rule of Criminal Procedure 35(a) (Correcting Clear Error Within 14 Days)**: "Within 14 days after sentencing," the district court may, "correct a sentence that resulted from arithmetical, technical, or other clear error."

- **Federal Rule of Criminal Procedure 35(b) (Reducing Sentence for Substantial Assistance)**: "Upon the government's motion," the district court may reduce a sentence "if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." The standard for substantial assistance becomes more stringent if this motion comes later than one year after sentencing.

- **Federal Rule of Criminal Procure 36 (Clerical Error)**: The district court may "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."[2]

- **18 U.S.C. § 3582(c)(2) (Change in Sentencing Guidelines)**: The district court may modify a term of imprisonment if the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and a consideration of the factors in Section 3553(a) leads the court to find that "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

- **28 U.S.C. § 2254, 2255 (Habeas Corpus)**: The district court may set aside or correct a term of imprisonment upon finding that the "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."

In sum, the Court's jurisdiction to modify a term of imprisonment extends to (1) compassionate-release motions; (2) motions for sentence reduction based on a change in the sentencing guidelines; (3) Rule 35(a) motions to correct clear error within

---

[2] The Fifth Circuit has defined a clerical error as "when the court intended one thing but by merely clerical mistake or oversight did another." *Varner*, 948 F.3d at 253 (quoting *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008)).

fourteen days of sentencing; (4) Rule 35(b) motions for sentence reduction based on substantial assistance; (5) Rule 36 motions to correct clerical errors; (6) habeas motions; or (7) any other motion "expressly permitted by statute." *Varner,* 948 F.3d at 253–54. That's it. If a Defendant seeks relief not provided or authorized by the enumerated statutes above, they should specifically identify where their request is expressly permitted by statute or rule.[3]

### III. DISCUSSION

Rodriguez requests that the Court "reinstate" his right to appeal his sentence. Although he concedes that "the timeline for filing [these appeals] has expired," he says that this is no fault of his own; rather, it is his counsel's fault for failing to file an appeal. (Dkt. #52 at 9). As the Fifth Circuit has made clear, this is an unauthorized motion that the Court lacks jurisdiction to consider. *See, e.g., United States v. Rico,* 368 F.App'x 573, 573 (5th Cir. 2010).

### IV. CONCLUSION

It is therefore **ORDERED** that Defendant Merary Rodriguez's Motions for Reconsideration to Reinstate Appeal Rights, (Dkt. #52, #53), are **DISMISSED for lack of jurisdiction**.

---

[3] For example, Federal Rule of Civil Procedure 60(b)(6) authorizes a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." To prevail on a Rule 60(b)(6) motion in a federal habeas proceeding, a movant must establish that (1) the motion was "made within a reasonable time," and (2) "'extraordinary circumstances' [exist to] justify[] the reopening of a final judgment." *Gonzalez v. Crosby,* 545 U.S. 524, 535, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (quoting *Ackermann v. United States,* 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950)). Extraordinary circumstances "will rarely occur in the habeas context." *Id.*

**So ORDERED and SIGNED this 25th day of August, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE